IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TONYA L. TURPIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-3220 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

This action arises under 42 U.S.C. § 405(g) for judicial review of Defendant's Decision denying Plaintiff Tonya L. Turpin's applications for Disability Insurance Benefits ("DIB") and Supplementary Social Security Income ("SSI") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 13) and Defendant's Motion for Summary Affirmance. (Doc. 17). For the reasons that follow, Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motion for Summary Affirmance is DENIED.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on January 6, 2015 and an application for SSI on January 15, 2015, each alleging a disability as of July 14, 2014. (Doc. 14 at 1; R. 525-43). Plaintiff was born on March 24, 1971, making her 43 years old on the alleged onset date. (R. 1374). Plaintiff's claims were initially denied on April 6, 2015, and upon

reconsideration on November 25, 2015. (R. 319; 351-57; 363-72). On December 18, 2015, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). (R. 375-76). On July 11, 2017, a video hearing was held before ALJ Kathleen Winters, who issued an unfavorable decision on December 4, 2017. (R. 319-33). The Appeals Council granted Plaintiffs request for review of the ALJ Decision and remanded the case to a new ALJ on October 19, 2018. (R. 340-45).

On February 26, 2019, a video hearing took place before ALJ Janet Akers, who issued an unfavorable decision on April 15, 2019. (R. 10-38). Plaintiff's request for review of the hearing was denied by the Appeals Council on July 26, 2019. (R. 1-6). On September 24, 2019, Plaintiff filed a complaint in the United States District Court for the Central District of Illinois (R. 1469-72) to which the court remanded the case for a new hearing on September 28, 2020. (R. 1482; *see also* Civil Action No. 2:19-cv-02262-CSB-EIL). Specifically, the District Court ordered for an ALJ to reevaluate the medical evidence, medical opinion evidence, Plaintiff's Residual Functional Capacity ("RFC"), and Plaintiff's subjective symptoms. (R. 1482). On December 20, 2020, the Appeals Council remanded the case to ALJ Ackers with additional directions. (R.1486-89). Specifically, the Appeals Council directed the ALJ to develop the outlined issues and take the following action upon remand:

> The Appeals Council hereby vacates the final decision of the Commissioner of Social Security and remands this case to an Administrative Law Judge for resolution of the following issues:
>
> ***

The hearing decision did not adequately evaluate the claimant's mental residual functional capacity. As noted above, the decision did not adequately evaluate several opinions regarding mental functioning. Further, the decision noted the limitations accommodated the mental impairments by finding certain mental limitations, but this discussion did not explain how the particular findings were arrived at. For example, it is unclear how the decision arrived at "time off task is no greater than 5% due to pain from arthritis and/or panic attacks" and why the time was not higher or lower. No source concluded this particular limitation. Further evaluation with specific reference to the medical evidence is required.

\*\*\*

Upon remand, the Administrative Law Judge will:

If necessary, obtain evidence from a medical expert related to the nature and severity of and functional limitations resulting from the claimant's impairments (20 CFR 404.1513a(b)(2) and 416.913a(b)(2)).

\*\*\*

Reassess the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and 416.945 and Social Security Ruling 85-16 and 96-8p). \*\*\*

(R. 1486-89). On May 26, 2021, ALJ Akers held a new hearing by telephone, issuing an unfavorable decision on July 27, 2021. (R. 1349-75). On October 13, 2021, Plaintiff filed this action under 42 U.S.C. § 405(g). (Doc. 1).

## II.  LEGAL STANDARD

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ conducts a five-step inquiry: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairment; (4) whether the claimant is unable to perform his past relevant work; and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops inquiry and leads to a determination that the claimant is not disabled." *Stein v. Sullivan*, 892 F.2d 43, 44 n.1 (7th Cir. 1989).

The court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Where substantial evidence supports the ALJ's disability determination, the court must affirm the decision even if "reasonable minds could differ concerning whether [the claimant] is disabled." *L.D.R. v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019), *quoting Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The Court considers the ALJ's opinion as a whole and the Seventh Circuit has said it is a "needless formality to have the ALJ repeat substantially similar factual analyses" at different sequential steps.

*Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004). The task of a court is not to reweigh evidence or substitute its judgment for that of the ALJ. *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017). A reviewing court does not "resolve conflicts or decide questions of credibility." *L.D.R.*, 920 F.3d at 1152. The Court does not "nitpick" the ALJ's decision, but rather "focus[es] on whether the ALJ built a 'logical bridge from the evidence to his conclusion.'" *Wright v. Kijakazi*, 2021 WL 3832347, at *5 (7th Cir. 2021) (internal alterations omitted), *quoting Rice*, 384 F.3d at 369.

## III.    ANALYSIS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since July 14, 2014. (R. 1357). At step two, the ALJ determined Plaintiff suffered from multiple severe impairments: rheumatoid arthritis; obstructive sleep apnea; bipolar disorder; borderline personality disorder; panic disorder; anxiety disorder; thrombocytosis; and migraine headaches. (*Id.*). At step three, the ALJ ruled Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (R. 1358). Before turning to step four, the ALJ found Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can alternate/change positions every 30 minutes for one to two minutes while remaining at the workstation with no change in the workstation with no change in the work process. The claimant can occasionally climb ramps and stairs and crawl, but never climb ladders, ropes, or scaffolds. She can frequently stoop, crouch, reach in all directions and handle and finger bilaterally. She should avoid extreme cold and unprotected heights, but can have occasional exposure to irritants and chemicals. She can tolerate a moderate noise environment as defined by the DOT. The claimant perform

simple, routine tasks and make simple, work-related decisions. The claimant can work at a consistent pace throughout the workday, but cannot perform production-rate pace work such as assembly line work. The claimant can occasionally interact with others incidental to work being performed, working more with things than people. She can do no group or team-based activities. The claimant can respond appropriately to occasionally, gradually introduced changes in a routine work setting.

(R. 1362). At step four, the ALJ found Plaintiff could not perform any past relevant work (R. 1374). At step five, the ALJ determined, after considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy Plaintiff could perform, including: Mail Clerk (DOT #209.687-026), with approximately 79,000 jobs nationally; Garment Sorter (DOT #222.687-014), with approximately 60,000 jobs nationally; and Routing Clerk (DOT #222.687-022), with approximately 40,000 jobs nationally. (R. 1375). As such, the ALJ ultimately concluded Plaintiff was not disabled, as defined in the Social Security Act, from July 14, 2014, through the date of her decision. (*Id.*).

Plaintiff requests judicial review of the ALJ's decision arguing: (1) the RFC was not supported by substantial evidence; (2) the ALJ did not properly evaluate the medical opinion evidence; and (3) the ALJ did not properly evaluate Plaintiff's subjective symptoms. (*See* Doc. 14).

In connection with Plaintiff's RFC argument, the RFC is defined as "the claimant's ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). "When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered 'severe.'" *Craft v.*

*Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p. The Seventh Circuit has held that while an ALJ does not have to evaluate each and every piece of evidence, they are required to build an "accurate and logical bridge" from the evidence presented to the ultimate conclusion. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2011). An ALJ's RFC assessment is thus proper, and a reviewing court will affirm, when it builds this logical bridge from the evidence to the conclusions. *Moore*, 743 F.3d at 1121; *Biestek*, 139 S. Ct. at 1151.

In advancing her argument that the ALJ did not provide an RFC supported by substantial evidence, Plaintiff argus the ALJ failed to explain how she arrived at Plaintiff's mental limitations in the RFC, as instructed by the Appeals Council. (Doc. 14 at 12-14; R. 1486-89). Specifically, Plaintiff argues the ALJ failed to properly discuss the issue of Plaintiff being off-task and/or absent as it relates to her RFC. (Doc. 14 at 12-14).

During the hearing, the ALJ questioned the Vocational Expert ("VE") about the off-task abilities and absenteeism tendencies of a hypothetical individual possessing the same limitations as Plaintiff. (R. 1414-15). In pertinent part:

> Q. Okay. Let me ask you about absenteeism. What's the tolerance that an employee would -- employer would allow an individual being absent, not only full-day absences, but also late arrivals and early departures, on average per month?
>
> A. Your Honor, based on my experience and time studies I've reviewed, the approximate tolerance for that type of absenteeism is eight to nine days per year.

Q. Okay.

A. Oh, and I should add, Your Honor, that the time studies I reviewed defined absenteeism as you just did within your hypothetical.

Q. Okay. what about off-task tolerance? If an individual is off task, let's just say due to pain and/or some, you know, mental health symptoms, what's the maximum tolerance that an employee can be off task before work is eliminated, either in terms of time, you know, minutes of the day or a percentage of the workday?

A. Your Honor, again, based on my experience in time studies I reviewed, the acceptable tolerance is no more than 10% of the workday. And this is in addition to the 2 customary 15-minute breaks and the 30-minute meal break.

(*Id.*). Despite these findings and testimony, the ALJ's Decision does not analyze off-task time or absenteeism at all. (*See* R. 1349-75). Plaintiff maintains the ALJ's failure to discuss both off-task time and absenteeism after this line of questioning is reversible error given it was a central theory of disability outlined in Plaintiff's DIB and SSI claims. (Doc. 14 at 13).

Under the circumstances of this case, the Court agrees with Plaintiff that the ALJ erred by failing to explicitly consider off-task time whatsoever. *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("The VE opined that a person so limited [as far as off-task time] would lack the functional capacity to sustain any employment. But the ALJ failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave."); *Thea P. v. Saul*, No. 18 C 8058, 2020 U.S. Dist. LEXIS 90203, 2020 WL 2614853, at *11 (N.D. Ill. May 22, 2020) ("Here, the ALJ specifically asked the VE about employers' tolerance of off-task behavior and absenteeism, and the VE responded that employers would not tolerate an individual

being off task more than 15% of the workday and being absent more than once per month. But . . . that testimony is not reflected in the ALJs decision.") (citations and internal quotations omitted).

Here, as in other district court decisions in the Seventh Circuit, it "appears the ALJ had reason to believe Plaintiff might be off task at least [a certain percentage] of the time, or there would be no reason to have posed [the] hypothetical to the VE." *Gregory W. v. Saul*, No. 19 CV 6848, 2020 U.S. Dist. LEXIS 148754, 2020 WL 4816075, at *5 (N.D. Ill. Aug. 18, 2020). However, the ALJ's decision failed to provide any evaluation of off-task time, leaving no logical bridge for the Court to follow on this issue. *See Jacob D. v. Kililo Kijakazi*, No. 20-cv-0554, 2021 U.S. Dist. LEXIS 156869, at *12-15 (N.D. Ill. Aug. 19, 2021) ("[T]he ALJ included no off-task discussion or finding or in her decision. . . . This is error, as there is no logical bridge to follow to any conclusion about off-task time."); *Gregory W.*, 2020 U.S. Dist. LEXIS 148754, 2020 WL 4816075 at *5 ("[D]espite specifically contemplating the issue of off-task time here, the ALJ then failed to come to any conclusion regarding the off-task time he asked the VE to consider, which is the antithesis of the logical bridge required of ALJs.").

Ultimately, the ALJ's failure to address off-task time requires that this matter be remanded. *See Stephen M. v. Berryhill*, No. 17-CV-7608, 2019 U.S. Dist. LEXIS 86855, 2019 WL 2225986, at *6 (N.D. Ill. May 23, 2019) ("For example, the ALJ concluded that Plaintiff had a severe post-traumatic stress disorder, a condition with anxiety symptoms. In light of this evidence and the fact that the ALJ asked a question about off-task time, the Court agrees that the ALJ's failure to address off-task time warrants remand.") (citations

omitted); *Sean P. v. Saul*, No. 19 C 408, 2020 U.S. Dist. LEXIS 102294, 2020 WL 3100841, at
*3 (N.D. Ill. June 11, 2020) ("On remand, the ALJ must more fully discuss Plaintiff's
deficits in concentration, persistence, and pace, with particular attention to how much his
impairments would take him off task during the workday."); *Kukec v. Berryhill*, No. 16 CV
9805, 2017 U.S. Dist. LEXIS 185803, 2017 WL 5191872, at *3-4 (N.D. Ill. Nov. 9, 2017)
("[T]he ALJ then failed to come to any conclusion regarding the offtask time she asked
the VE to consider. . . . This is not harmless error, particularly because the VE testified
that Plaintiff would be unemployable under a hypothetical where she would be off-task
at least 20% of the time."). This is especially so, given the Appeals Council specifically
found the ALJ's prior decision to have not adequately evaluated Plaintiff's mental RFC
and explicitly directed the ALJ to give further evaluation with specific references to
Plaintiff's off-task limitation. Although this will be the third remand in this case, the
Seventh Circuit has admonished ALJs of their duty to develop a full and fair record in
rendering their determination of disability. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir.
2009).

Based on the Court's conclusion that remand is necessary for the aforementioned
reasons, the Court need not address the remaining errors claimed by Plaintiff. *See Michele
P. v. Kijakazi*, No. 21 C 3553, 2022 U.S. Dist. LEXIS 226700 (N.D. Ill. Dec. 16, 2022).
However, the Court advises the Commissioner not to presume the issues were excluded
from the judgment due to lack of identified errors. On remand, the Court admonishes the
Commissioner to take special care ensuring that Plaintiff's mental RFC is properly
developed, there is ample opportunity for comprehensive cross-examination, and

conclusions relating to the nontreating and treating source opinions are properly supported.

## IV.     CONCLUSION

IT IS ORDERED that the decision denying benefits to Plaintiff Tonya L. Turpin is REVERSED, and this case is REMANDED to Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, for further proceedings consistent with this opinion.


ENTER: September 21, 2023

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE